**Frank T. LINTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–01199–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 30, 2000.

616

Ronald Hayes, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION

WANDA McKEE FOWLER, Justice.

Over his plea of not guilty, a jury found Frank T. Linton, appellant, guilty of possession of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(a) (Vernon Supp.2000). The jury assessed punishment at twenty years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, enhanced by two prior convictions. Appellant now appeals his conviction on four points of error. We affirm the trial court's judgment for the three following reasons: (1) legally and factually sufficient evidence supports appellant's conviction; (2) the trial court's apparent failure to read the enhancement allegations and to procure appellant's plea of "not true" at the beginning of the punishment hearing was harmless error; and (3) appellant's cumulation order is sufficiently specific.

### FACTUAL BACKGROUND

While on bicycle patrol, Houston Police Officers Johnson and McIntyre stopped appellant for failing to display an inspection sticker on his vehicle. Officer Taylor, who was following Johnson and McIntyre in his police unit, had radioed and advised them of appellant's traffic offense. When Johnson and McIntyre received the call on their radio, they stopped appellant.

Officer Johnson approached appellant's vehicle on the driver's side and asked to see his driver's license and proof of insurance. Appellant retrieved his wallet from his center console, removed his license and

gave it to the officer. Officer McIntyre, who was standing at the passenger's side window, also saw appellant retrieve his wallet from the car's console. Once Taylor arrived at the scene, the officers conducted a background check on appellant. Upon discovering that appellant had outstanding city traffic warrants, the officers arrested appellant, searched him for weapons, and placed him in the back of the patrol car.

Because the officers could not leave appellant's vehicle unattended on the side of the street, they had it towed. Following city procedure, the officers conducted an inventory of appellant's vehicle. Officer Johnson sat in the driver's seat to mark down any items he found. Johnson searched for appellant's wallet in the console so that he could return it to appellant, and he noticed a small glass pipe in plain view next to the wallet. Through his experience as a police officer, Johnson recognized the pipe as an item used for smoking crack cocaine. The pipe had burn marks and a chalky, white film inside and around it. Officer Taylor took possession of the pipe, and when he asked appellant about it, appellant said that the pipe belonged to him.

## DISCUSSION AND HOLDINGS

### Legal and Factual Sufficiency of the Evidence

In his first and second points of error, appellant contends that the evidence is legally and factually insufficient to support his conviction for possession of cocaine. As we explain below, we find sufficient evidence to support appellant's conviction.

We apply different standards when reviewing the evidence for factual and legal sufficiency. When reviewing the legal sufficiency of the evidence, this court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99

S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim. App.1993). This same standard of review applies to cases involving both direct and circumstantial evidence. *See King v. State,* 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). On appeal, this court does not re-evaluate the weight and credibility of the evidence, but we consider only whether the jury reached a rational decision. *See Muniz v. State,* 851 S.W.2d 238, 246 (Tex. Crim.App.1993). When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. Instead, we consider all the evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *See Orona v. State,* 836 S.W.2d 319, 321 (Tex.App.—Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

 A person commits an unlawful offense if that person knowingly or intentionally manufactures, delivers, or possesses cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(a) (Vernon Supp. 2000). When an accused is charged with unlawful possession of cocaine, the State must prove two things. First, the State must show that the defendant exercised actual care, custody, control, or management over the contraband. *See McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex. Crim.App.1985); *Grant v. State,* 989 S.W.2d 428, 433 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Secondly, the State must show that the accused knew the object he possessed was contraband. *See Grant,* 989 S.W.2d at 433. Without an admission by the accused, the knowledge element of the crime may be inferred because it is subjective. *See McGoldrick,* 682 S.W.2d at 578; *Grant,* 989 S.W.2d at 433. The element of possession may be proved by circumstantial evidence. *See Williams v. State,* 859 S.W.2d 99, 101 (Tex.

App.—Houston [1 st Dist.] 1993, pet. ref'd). The Texas Penal Code defines possession as a voluntary act if the possessor had knowledge or control over an object long enough to enable him to terminate control over it. *See* Tex. PEN.CODE ANN. § 6.01 (Vernon 1994).

The evidence must affirmatively link the defendant to the offense, so that one may reasonably infer that the defendant knew of the contraband's existence and exercised control over it. *See id.* Affirmative links may be established by facts and circumstances that indicate the accused's knowledge of and control over the contraband, including whether the contraband was in open or plain view, and whether it was in close proximity to the accused. *See Grant,* 989 S.W.2d at 433. All facts do not necessarily need to point directly or indirectly to the defendant's guilt; the evidence is legally sufficient if the combined and cumulative effect of all the incriminating circumstances point to the defendant's guilt. *See Russell v. State,* 665 S.W.2d 771, 776 (Tex.Crim.App.1983). If the defendant merely presents a different version of the events, that does not render the evidence insufficient to support his conviction. *See Sosa v. State,* 845 S.W.2d 479, 483 (Tex.App.—Houston [1 st Dist.] 1993, pet. ref'd).

Appellant disputes the voluntary element of possession. He contends the evidence is legally insufficient to prove he possessed the cocaine long enough to enable him to terminate control over it. However, the evidence affirmatively links appellant to the offense and indicates appellant had control over the contraband. Appellant was driving the car and was the sole occupant of the car where the cocaine was found. The cocaine was located in close proximity to the appellant—in the center console beside the driver's seat. The contraband was also in open or plain view. Officer Johnson discovered the cocaine in a glass pipe, which was in plain view next to appellant's wallet. The pipe was plainly observable from appellant's passenger seat, and was a pipe used for smoking crack cocaine. Appellant also admitted that the "crack-cocaine" pipe was his.

Both elements of the crime of possession of cocaine may be inferred from this evidence. Not only was appellant the sole occupant of the vehicle in which the drugs were found, but he also admitted the pipe was his; the first element of possession—the element of control—is satisfied. *See Grant,* 989 S.W.2d at 433. We may infer the second element, that appellant knew of the presence of the contraband, from his control over the vehicle and his statement that the pipe was his. *See id.* After viewing the evidence in the light most favorable to the prosecution, we believe that any rational trier of fact could have found the essential elements of the offense of possession of cocaine. Accordingly, we overrule appellant's first point of error.

In his second point of error, appellant contends that the evidence is factually insufficient to support his conviction for possession of cocaine. We do not find evidence in the record that greatly outweighs the evidence supporting the trial court's judgment. In conducting a factual sufficiency review, we only exercise our fact jurisdiction to prevent a manifestly unjust result. *See Clewis,* 922 S.W.2d at 135. For the reasons discussed above, the jury's decision was not so contrary to the weight of the evidence as to be clearly wrong and unjust. We conclude that the evidence is factually sufficient to support appellant's conviction for possession of cocaine and overrule appellant's second point of error.

### Failure to Read Enhancement Paragraphs and Plea to the Jury at Punishment Phase of Trial

In his third point of error, appellant complains that the trial court erred by failing to read the enhancement paragraphs in the indictment and his plea of "not true" to the jury at the beginning of the punishment phase of trial. He argues

that as a result of these errors, the State constructively dismissed the allegations in the enhancement paragraphs. At the beginning of trial, appellant was arraigned in front of the judge, before the jury panel entered the courtroom. At that time, appellant pleaded "not guilty" to the primary offense of possession of cocaine and "not true" to the allegations in the enhancement paragraphs. At the end of the guilt-innocence phase, the jury found appellant guilty of possession of cocaine. The prosecutor then proceeded to the punishment phase of trial. However, the record is silent on whether the trial court read the enhancement paragraphs and appellant's plea of "not true" to the jury in open court before the punishment hearing.

▇▇▇▇▇ Reading of the enhancement paragraphs at the punishment phase of trial, and a defendant's plea to them are mandatory. *See* TEX.CODE CRIM. PROC. ANN. Art. 36.01(a)(Vernon Supp.2000);[1] *Turner v. State,* 897 S.W.2d 786, 788 (Tex.Crim. App.1995). Without reading the enhancement allegations and the defendant's plea to them, no issue is joined to enhance punishment, and neither the jury nor the defendant is informed of the precise terms of the charge. *See Ex parte Sewell,* 742 S.W.2d 393, 395 (Tex.Crim.App.1987); *Warren v. State,* 693 S.W.2d 414, 416 (Tex. Crim.App.1985). The Texas Court of Criminal Appeals has held that a harmless error analysis is not applicable to this mandatory statutory provision. *See Turner,* 897 S.W.2d at 789. However since its

decision in *Turner,* the Court of Criminal Appeals has held that *all* errors, with the exception of certain federal constitutional errors labeled as "structural," are subject to a harmless error analysis. *See High v. State,* 964 S.W.2d 637, 638 (Tex.Crim.App. 1998); *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997)(superceded by statute on other grounds). Structural errors are constitutional violations affecting the "framework within which the trial proceeds, rather than simply an error in trial process itself." *Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). An article 36.01 violation is not among the structural errors contemplated by the United States Supreme Court.[2] Thus, even though *Turner* has not been overruled by the Court of Criminal Appeals, as a result of the decisions subsequent to *Turner,* we conclude that an article 36.01 violation is now subject to a harmless error analysis.

▇▇▇▇▇ Because the failure to read enhancements paragraphs and a defendant's plea to the jury is statutory error, the proper harm analysis is that for reviewing non-constitutional error.[3] *See* TEX.R.APP. P. 44.2(b); *Aguirre–Mata v. State,* 992 S.W.2d 495, 498 (Tex.Crim.App.1999). When reviewing non-constitutional error under rule 44.2(b), we need only determine whether the error affected the defendant's substantial rights. *See Llamas v. State,* 12 S.W.3d 469, 471 n. 2 (Tex.Crim.App.1999); *Aguirre–Mata,* 992 S.W.2d at 498. In determining this, we must decide whether

1. Article 36.01(a)(1) provides:
 The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07. Article 36.02(a)(2) provides: "The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated."

2. These "structural" errors include the following: total deprivation of the right to coun-

sel at trial, a judge who was not impartial, unlawful exclusion of members of the defendant's race from a grand jury, the right to self-representation at trial, and the right to public trial. *See Arizona,* 499 U.S. at 309–310, 111 S.Ct. at 1264–65, 113 L.Ed.2d at 302.

3. The Texas Rules of Appellate Procedure bifurcate harm analysis for constitutional and non-constitutional errors. The harm analysis for non-constitutional errors is as follows: "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX.R.APP. P. 44.2(b).

the error had a substantial or injurious effect on the jury's verdict. *See Llamas,* at 471 n. 2.

The Texas Court of Criminal Appeals had one key concern in *Turner*—not reading the enhancement paragraphs and having the defendant plead to them could mislead a defendant into believing the State has abandoned the enhancement paragraphs. *See Turner,* 897 S.W.2d at 789. Under this assumption, "the defendant could take the stand and incriminate himself for purposes other than to subject himself to an enhanced sentence." *Id.* Because of this danger of self-incrimination, the Court held that strict compliance with article 36.01 ensures a fair and impartial trial. *See id.*

Here, however, no self-incrimination occurred because appellant did not take the stand at the punishment hearing, nor did he put on any evidence. Additionally, penitentiary packets containing documents, fingerprints, and photographs evidencing appellant's prior convictions in the enhancement paragraphs were admitted into evidence at the beginning of the punishment hearing. Therefore, appellant was not misled into believing the State abandoned the enhancement allegations.

We conclude that the apparent failure to read the enhancement paragraphs and defendant's plea at the beginning of the punishment hearing was harmless error. Appellant's substantial rights were not affected, because he received a fair and impartial trial, and the error had no substantial or injurious effect on the jury's verdict on punishment. Accordingly, we overrule appellant's third point of error.

### Specificity of the Cumulation Order

In his fourth point of error, appellant contends that the trial court's cumulation order is erroneous. At the conclusion of the punishment phase of trial, the trial court stated that appellant's sentence would run consecutively with a prior conviction. The judgment reflecting this cumulation order contains only the cause number of appellant's prior conviction. Appellant asserts that the order is erroneous because it does not indicate the style of the prior conviction, the convicting court or its county, and the date of the prior conviction.

A cumulation order must be sufficiently specific to be valid. *See Ex parte San Migel,* 973 S.W.2d 310 (Tex. Crim.App.1998). Generally, a cumulation order should contain the cause number and the date of the prior conviction, the correct name of the court in which the prior conviction occurred, and the term of years assessed in the prior case. *See id.* at 311. However, these requirements are not absolutes; a cumulation order is valid when it is sufficiently specific to allow the Texas Department of Criminal Justice, Institutional Division to identify the prior conviction with which the newer conviction is cumulated. *See id.*

Here, the cumulation order listed only the cause number of appellant's prior conviction, which was issued from the same court as appellant's present conviction. Such an order, i.e., an order that is entered by the same court entering the sentence to which it is cumulated, has been held to be sufficient, even though it refers only to the previous case number. *See Ex parte San Migel,* 973 S.W.2d at 310–11(holding that a cumulation order referring only to the previous conviction's cause number is sufficient when the trial court entering the order is the same as in the prior cause); *Hamm v. State,* 513 S.W.2d 85, 86–87 (Tex.Crim.App.1974) (holding that a cumulation order referring only to the previous conviction's cause number is sufficient when the trial court entering the order is the same as in the prior cause); *Ybanez v. State,* 770 S.W.2d 106, 107 (Tex. App.—Corpus Christi 1989, pet. ref'd) (also holding that a cumulation order referring only to the previous conviction's cause number is sufficient when the trial court entering the order is the same as in the prior cause). We, therefore, hold that

cumulation order in appellant's judgment is sufficiently specific and overrule his fourth point of error.

The judgment of the trial court is affirmed.