Opinion issued April 18, 2002
















In The

Court of Appeals

For The

First District of Texas






 NOS. 01-01-00378-CR 01-01-00379-CR

____________


DEWAYNE LEE WALDRUP, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause Nos. 858078 and 858092






O P I N I O N

 After a bench trial, the trial court found appellant, Dewayne Lee Waldrup, guilty
of (1) the second degree felony offense of possession of cocaine weighing more than
4 grams but less than 200 grams in cause number 858078 and (2) the third degree
felony offense of unlawful possession of a firearm by a felon in cause number 858092. 
The trial court sentenced appellant to ten years confinement with a $1000 fine in the
possession of cocaine case and five years confinement with a $1000 fine in the firearm
case. In cause number 858078, appellant brings six points of error challenging the
legal and factual sufficiency of the evidence supporting his conviction for possession
of cocaine. In cause number 858092, appellant brings two points of error challenging
the legal and factual sufficiency of the evidence supporting his conviction of unlawful
possession of a firearm by a felon. We affirm.

Background

 Harris County Sheriff's Deputy Brian Seidel testified that, on October 11, 2000,
while on patrol with Deputy Mitch Hatcher in the area of Cavalcade and Interstate 45
in Houston, he observed appellant, who was driving a red truck, turn into the Astro Inn
parking lot without using a turn signal. Deputy Seidel stopped appellant for "failing
to indicate a turn." 

 When Deputies Seidel and Hatcher approached appellant's truck, Seidel smelled
a strong odor of marijuana "reeking" from the inside of appellant's truck through a
slightly open window. Seidel saw, in plain view, a clear plastic baggie containing
marijuana in the center of the seat. Seidel then asked appellant to get out of the truck
and performed a pat-down search of appellant. 

 During the search, Deputy Seidel found an Uzi .40 caliber pistol in the left
pocket of appellant's black leather jacket and a brown pill bottle in the right pocket of
appellant's jacket. Seidel testified appellant denied owning the jacket. The contents
of the pill bottle field tested positive for cocaine, and Seidel arrested appellant.

 Deputy Hatcher testified he saw appellant's truck make the turn into the parking
lot without a turn signal. Hatcher also saw, in plain view, the baggie containing
marijuana. Hatcher testified Seidel asked appellant to get out of the truck, and he
watched as Seidel performed the pat-down search of appellant. Hatcher saw Seidel
find the gun and the plastic pill bottle on appellant's person. Hatcher confirmed the
"crack rocks" in the pill bottle field tested positive as cocaine. 

 Catherine Savage, a forensic chemist in the Harris County Medical Examiner's
Office, testified the contents of the pill bottle consisted of 7.8 grams of cocaine. 

 Appellant testified the truck did not belong to him and that he had been in the
truck for only 45 minutes prior to his arrest. Appellant denied owning a black leather
jacket or wearing one at the time of his arrest. Appellant introduced a form entitled
"Valuable Property Inventory," signed by appellant and Deputy Seidel, that listed items
of clothing taken from him after his arrest, but which did not include a jacket. 
Appellant also denied ever possessing the pistol or pill bottle and claimed the first time
he saw these items was the day of his trial. Appellant testified the deputies informed
him he was going to jail for traffic tickets and that he was not told of the pistol or pill
bottle until the probable cause hearing. 

Sufficiency of the Evidence

 In six points of error in cause number 858078, appellant challenges the legal and
factual sufficiency of the evidence to sustain his conviction for possession of cocaine. 
Specifically, he claims the evidence is legally and factually insufficient because the
State: (1) lacked credible evidence "linking" him to the cocaine, (2) failed to establish
"knowledge of the unlawful nature" of the cocaine, and (3) failed to show appellant
was "aware of the nature" of the cocaine and had control over it for a sufficient period
of time to have terminated control over it. In two points of error in cause number
858092, appellant challenges the legal and factual sufficiency of the evidence to sustain
his conviction for possessing a firearm. 

 To establish unlawful possession of cocaine, the evidence must be sufficient to
show the accused knowingly exercised care, control, or management over the
controlled substance, was conscious of his connection with it, and knew what it was. 
Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115 (Vernon 1992 & Vernon
Supp. 2002); Brown v. State, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). To
establish unlawful possession of a firearm by a felon, the State must show that the
accused was convicted of a felony offense and possessed a firearm "after conviction
and before the fifth anniversary of the person's release from confinement following
conviction of the felony or the person's release from supervision under community
supervision, parole, or mandatory supervision, whichever date is later." Tex. Pen. 
Code Ann. § 46.04(a)(1) (Vernon Supp. 2002); see Martinez v. State, 986 S.W.2d 779,
780 (Tex. App.--Dallas 1999, no pet.). Possession is a voluntary act if the possessor
knowingly obtains or receives the thing possessed or is aware of his control of the thing
for a sufficient time to permit him to terminate his control. Tex. Pen. Code Ann. §
6.01(b) (Vernon 1994). 

 Evidence which affirmatively links an accused to a controlled substance suffices
for proof that he possessed it knowingly. Brown, 911 S.W.2d at 748. The evidence
used to satisfy these elements can be direct or circumstantial. Id. Whether direct or
circumstantial evidence is used, the State must establish that the accused's connection
with the substance was more than just fortuitous. Id. If the contraband is not found on
the accused's person or the accused was not in exclusive control over the place where
the drugs were found, the State must show affirmative links between the accused and
the drugs. Bryant v. State, 982 S.W.2d 46, 49 (Tex. App.--Houston [1st Dist.] 1998,
pet. ref'd). 

Legal Sufficiency

 We review legal sufficiency by viewing the evidence in the light most favorable
to the verdict to determine if any rational fact finder could have found the essential
elements of the offense beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155 (Tex. App.--Houston
[1st Dist.] 1997, no pet.). 

 In this case, appellant had exclusive control over the place where the cocaine was
found - the pocket of the jacket he was wearing. Deputy Seidel testified he searched
appellant and found a pistol and a pill bottle, containing what was later confirmed to
be 7.8 grams of cocaine, inside the pockets of the jacket appellant was wearing. 
Deputy Hatcher testified to the same events as Deputy Seidel. Appellant stipulated to
two prior felony offenses at trial.

 The evidence of appellant's control over the jacket affirmatively links appellant
to the offense, so that a fact finder could reasonably conclude appellant knew of the
contraband's existence and exercised control over it. Linton v. State, 15 S.W.3d 615,
619 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). Merely presenting a different
version of the events, specifically that he was not wearing a jacket on the night of his
arrest, does not render the evidence insufficient to support his conviction. Id. We hold
the evidence detailed above, when viewed in the light most favorable to the verdict,
was legally sufficient to support appellant's convictions for both offenses. 

 In cause number 858078, we overrule points of error one, three, and five. In
cause number 858092, we overrule point of error one. 

Factual Sufficiency

 Under the factual sufficiency standard, we ask "whether a neutral review of all
of the evidence both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse the fact
finder's determination only if a manifest injustice has occurred. Id. In conducting this
analysis, we may disagree with the jury's determination, even if probative evidence
supports the verdict, but must also avoid substituting our judgment for that of the fact
finder. Id. 

 Appellant testified he did not own the truck he was driving at the time he
arrested and had been in the truck for only 45 minutes before his arrest. Appellant also
denied owning a black leather jacket or wearing one at the time of his arrest. The
"Valuable Property Inventory" form, signed by appellant and Deputy Seidel, and
admitted as evidence at trial did not include a jacket on the list of clothing items taken
from appellant after his arrest. Appellant denied ever possessing the pistol or pill
bottle, and claimed he was placed in jail for traffic tickets and was not told of any
evidence of a firearm or controlled substance until his probable cause hearing.

 The fact finder is the exclusive judge of the credibility of the witnesses and the
weight to be given their testimony, and the fact finder may believe or disbelieve any
or all of the testimony of the witnesses. Williams v. State, 692 S.W.2d 671, 676 (Tex.
Crim. App. 1984). We note that a decision is not manifestly unjust merely because the
fact finder resolved conflicting views of the evidence in favor of the State. Cain v.
State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). We hold the evidence was
factually sufficient to support both of appellant's convictions. 

 In cause number 858078, we overrule points of error two, four, and six. In cause
number 858092, we overrule point of error two. 

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.