Affirmed and Opinion filed June 27, 2002









Affirmed
and Opinion filed June 27, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00496-CR

____________

 

RODERICK EARL ST. JULIAN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 178th District Court

Harris County, Texas

Trial
Court Cause No. 859,303

 



 

O
P I N I O N

Appellant
Roderick Earl St. Julian appeals from his conviction for possession of less
than one gram of cocaine.  The trial
court sentenced him to ten years= confinement as enhanced by two prior felonies.  Appellant presents one point of error,
challenging the factual sufficiency of the evidence to support the
judgment.  We affirm.








Appellant=s
vehicle was stopped by the police late at night for an expired inspection
sticker.  As the police officer
approached the vehicle, he noticed appellant in the driver=s
seat with one arm over the steering wheel, his hand resting on the
dashboard.  The officer testified that
appellant was visibly shaking and appeared nervous.  When the officer directed his flashlight beam
toward the expired inspection sticker, he saw a chrome tube pipe on the
dashboard, which he recognized to be a pipe used for smoking crack
cocaine.  The pipe tested positive for
cocaine, and appellant was arrested.  On
appeal, appellant argues the evidence is insufficient to show that he knowingly
possessed cocaine because he did not own the car, and as there was so little
cocaine residue in the pipe that the amount could not be measured. 

In
reviewing the factual sufficiency of the evidence, we ask whether a neutral
view of all the evidence, both for and against the finding, demonstrates the
proof of guilt is either so obviously weak as to undermine confidence in the
jury=s
determination, or although adequate if taken alone is greatly outweighed by
contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.  Wesbrook v. State, 29 S.W.3d 103, 112 (Tex.
Crim. App. 2000).  In conducting this analysis, we defer to the
determination of the trier of fact as to the weight
to be given contradictory evidence.  Johnson at 8. 

A
person commits an offense if that person knowingly or intentionally possesses
less than one gram of cocaine.  See
Tex. Health &
Safety Code Ann. ' 481.115(b).  When a person is charged with unlawful
possession of cocaine, the State must prove that (1) the defendant exercised
actual care, custody, control, or management over the contraband, and (2) the
defendant knew the object he possessed was contraband.  Linton v. State, 15 S.W.3d 615, 619
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Evidence that affirmatively links the
appellant to the cocaine suffices for proof that he possessed it knowingly.  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995).  Potential
affirmative facts linking an accused to contraband have been identified in
numerous opinions.  See, e.g., Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  

 








Here,
although appellant did not own the car and others allegedly had been in it
earlier, he was its sole occupant at the time he was stopped.  The officer found the pipe in plain view on
the dashboard, within arm=s reach of appellant. 
When the officer first approached the car, appellant=s
arm had been positioned over the steering wheel, resting on the dashboard.  He was shaking and appeared nervous, and
expressed no surprise when the officer found the pipe.  Appellant presents no legal authorities in
his two-sentence argument that this was insufficient to establish possession of
the contraband, and we find the evidence sufficient to establish possession of
the contraband knowingly.  See Hyett at 831-32. 

Appellant
also argues the trace amount of residue found was insufficient to sustain the
conviction as it could not be accurately measured.  We disagree. 
The Harris County forensic chemist testified that the substance was a
fine black powdery residue, less than 10 milligrams in weight, which is less
than one gram.  We find the evidence  factually
sufficient to support the conviction.  See
Hyett at 831; King v. State, 895 S.W.2d
701, 703-04 (Tex. Crim. App. 1995). 

Appellant=s
point of error is overruled, and the judgment is affirmed.

 

/s/            Scott
Brister

Chief Justice

 

 

Judgment rendered and Opinion filed June
27, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).