Affirmed and Opinion filed July 28, 2005









Affirmed and
Opinion filed July 28, 2005.

 

 

In
The

 

Fourteenth
Court of Appeals

____________

 

NO. 14-04-00374-CR

____________

 

ALFREDO D. MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14,015

 



 

O P I N I O N

A jury found appellant, Alfredo Martinez,
guilty of possession of more than four, but less than 200 grams of
cocaine.  Appellant pled true to two
enhancement paragraphs, and the trial court assessed punishment at thirty-five
years= confinement.  Asserting one issue for review, appellant
contends the evidence is legally insufficient to support his conviction for
possession of cocaine.  We affirm.

Factual Background








On May 17, 2003, Washington County Sheriff=s Deputy Jerry
Maywald followed a car and its three occupants into a convenience store parking
lot after the car was reported as a Asuspicious
vehicle.@  Appellant=s girlfriend,
Denise Thebeault, owned the car, and her son Adam was driving the car.  Appellant and Denise were sitting in the back
seat, with appellant sitting directly behind the driver=s seat, and Denise
sitting on the right side of the car.      


Maywald turned on a video camera inside
his patrol car and videotaped the complete interchange with appellant, Denise
and Adam.  The videotape was introduced
into evidence and played before the jury. 
The videotape shows that Maywald walked to a sidewalk directly in front
of the parked car.  Maywald testified he
saw appellant and Denise Akind of moving stuff around@ and saw appellant
Afiddling with
something@ that was possibly in his lap. Appellant
exited the car and talked with Maywald. 
Maywald obtained identification from all three of the car=s occupants,
radioed the ID information to the dispatcher, and learned that there was an
outstanding arrest warrant issued for appellant.  

Several other officers arrived at the
scene.  Appellant was patted down and the
officers found a hollow car antenna in his pocket.  Deputies Maywald and Gomez testified that,
although appellant=s antenna was not altered, antennas are
commonly used as pipes to smoke crack cocaine.        

The officers searched the car and found
contraband and paraphernalia.  In the
center of the rear seat floorboard on the driver=s side, hidden
underneath a pair of pants, the officers found an open glass jar containing a
milky liquid.  The jar=s lid was on the
floorboard near the open jar.  The liquid
in the glass jar field-tested positive for cocaine.  Maywald testified the rear seat of the car
was wet, and on the videotape officers can be heard saying there was powder and
residue on the backseat and liquid on the floorboard.  Further, on the passenger=s side backseat
floorboard, officers found a crack pipe wrapped in a paper towel on top of
Denise=s purse and two
syringes inside the purse, one used and one filled with liquid cocaine.  Officers also found other drug paraphernalia,
described later in this opinion.

The videotape shows Denise and her son
each going in and out of the car at least three times after appellant exited
the car, but neither of them reached over to the area where appellant had been
sitting, where the glass jar containing the liquid and cocaine was found. 

 








LEGAL SUFFICIENCY

In his sole issue, appellant contends the evidence is legally
insufficient to sustain his conviction for possession of cocaine.  Specifically, appellant argues the State did
not establish that he knowingly or intentionally possessed the cocaine-tainted
liquid in the glass jar because the evidence does not affirmatively link him to
the jar.      

A.        Standard of
Review

In a legal sufficiency review, we view all of the evidence in
the light most favorable to the verdict and determine whether a rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 n.12 (1979); Poindexter v. State, 153 S.W.3d 402, 405
(Tex. Crim. App. 2005).  In deciding
whether the evidence is sufficient to link the defendant to the contraband, the
trier of fact is the exclusive judge of the credibility of the witnesses and
the weight to be given to their testimony. 
Poindexter, 153 S.W.3d at 406. 
When conducting our review, we do not re-weigh the evidence or
substitute our judgment for that of the fact finder.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).       

B.      Affirmative
Link Analysis

When an accused is charged with unlawful
possession of a controlled substance, the State must prove: (1) the defendant
exercised actual care, custody, control, or management over the contraband; and
(2) the accused knew the matter he possessed was contraband.  See Poindexter, 153 S.W.3d at 405;
Linton v. State, 15 S.W.3d 615, 618 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d). 
While the element of possession may be proved by direct or
circumstantial evidence, such evidence must establish to the requisite level of
confidence, that the accused=s connection with
the drug was more than just fortuitous.  Poindexter,
153 S.W.3d at 405B06. 
Thus, the evidence must Aaffirmatively link@ the defendant to
the offense.  See id. at 406;
McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).  The thrust of appellant=s complaint is
that the State did not Aaffirmatively link@ him to the cocaine.  We disagree.       








Circumstantial evidence relevant to
establish an Aaffirmative link@ between an
appellant and the contraband include:

(1)     appellant=s presence near
where the contraband was discovered; 

(2)     whether the contraband was in plain view; 

(3)     appellant=s proximity to and
accessibility of the narcotic; 

(4)     whether appellant was under the influence of
narcotics when arrested; 

(5)     whether appellant possessed other contraband
when arrested;

(6)     whether appellant made incriminating
statements when arrested; 

(7)     whether appellant attempted to flee; 

(8)     whether appellant made furtive gestures;

(9)     whether there was an odor of the contraband;

(10)    whether other contraband or drug
paraphernalia was present;

(11)    whether the place where the drugs were found
was enclosed; and

(12)    whether appellant owned or had the right to
possess the place where the drugs were found. 


 

Chavez v. State, 769 S.W.2d 284, 288B89 (Tex. App.CHouston [1st
Dist.] 1989, pet. ref=d). 
The links need not be so strong as to rule out every other possibility
except the defendant=s guilt. 
Reed v. State, 158 S.W.3d 44, 47 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d). 
Additionally, the State is not required to prove the defendant had sole
possession of the contraband, only that there are affirmative links between the
defendant and the drugs such that he knew of the drugs and constructively
possessed them.  See Poindexter,
153 S.W.3d at 412. 

1.       Appellant=s Presence Near
Where the Contraband was Discovered

Here, the contraband appellant was charged
with possessing was discovered on the center of the rear seat floorboard on the
driver=s side, directly
in front of where appellant sat and in a position immediately where appellant
would have placed his feet.  

 

 








2.       Appellant=s Proximity To and
Accessibility of the Narcotic 

The contraband was within arms reach of
appellant and was directly accessible to where he was sitting in the car.[1]  

3.       Whether
Appellant Made Furtive Gestures

The jury could have inferred appellant=s movements and Afiddling@ inside the
vehicle were furtive gestures. 

4.       Whether
Other Contraband or Drug Paraphernalia was Present

The contraband and drug paraphernalia
found inside the vehicle included three pipes,[2]
one used syringe, one syringe loaded with liquid cocaine, prescription drugs, a
plastic bottle containing 3.46 grams of liquid cocaine, baking soda, steel
wool,[3]
a clear tube with metal screens, a wet sponge,[4]
and a plastic bag containing powder cocaine.

Officers also discovered a hollow antenna
in appellant=s pocket when he was patted down.  Maywald testified that the type of antenna
found in appellant=s pocket is commonly used as a pipe to
smoke crack cocaine. 

5.       Plain
View and Actual Possession 

Although the contraband inside the jar
would not have been within appellant=s plain view while
it was concealed under a pair of pants, a rational jury could have found the
contraband was within appellant=s plain view
shortly before the car parked in the convenience store parking lot.   








Specifically, the jury could have found
that, while the car was being driven on the dirt road and highway just before
it turned into the parking lot,  the open
jar containing the liquid and cocaine could not have remained upright without
somebody holding the open jar between their feet or in their hands.  The jury could have believed the jar
containing the liquid cocaine had recently been handled by the backseat
occupants because the rear seat of the car where they sat was wet and powder
and residue were all over the backseat. 
Additionally, the jury could have believed that when Maywald walked by
the car, appellant was Afiddling@ with the glass
jar and Amoving@ a pair of pants
on top of it.  The jury could have
reasonably concluded  the contraband was
within appellant=s plain view and that appellant was
physically holding and hiding the contraband moments before his arrest. 

Based on the foregoing, we conclude there
was sufficient evidence to affirmatively link appellant to the seized
cocaine.  A rational trier of fact could
have found beyond a reasonable doubt that appellant exercised care, custody,
control, and management over the contraband and that appellant knew the
substance possessed was contraband. 
Thus, we overrule appellant=s sole issue.  

CONCLUSION

Accordingly, we affirm the judgment of the
trial court.   

 

 

/s/      Margaret
Garner Mirabal

Senior Justice

 

 

Judgment
rendered and Opinion filed July 28, 2005.

Panel
consists of Justices Yates, Hudson, and Mirabal.[5]

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1] 
The glass jar containing the liquid and cocaine was not tested for the
presence of latent fingerprints.





[2] 
One of the pipes appears to have been found on appellant=s side of the backseat.  





[3] 
Deputy Maywald testified that it is a common practice to use steel wool
while smoking crack cocaine from an antenna. 





[4] 
On the videotape of the search entered into evidence, one of the
officers said a sponge is used to load a syringe.  





[5] 
Senior Justice Margaret Garner Mirabal sitting by assignment.