Opinion filed December 14, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00115-CR 

                                                    __________

 

                               ALFRED GENE DAVIS, SR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 39th District Court

                                                         Haskell County, Texas

                                                     Trial
Court Cause No. 6034

 



 

                                                                   O
P I N I O N

The jury convicted Alfred Gene Davis, Sr. of
possession of methadone in an amount of one gram or more but less than four
grams.  Tex.
Health & Safety Code Ann. '
481.102(4) (Vernon
Supp. 2006), ' 481.115
(Vernon 2003).  The jury found that two
enhancement allegations were true and assessed punishment at ninety-nine years
confinement and a $10,000 fine. 
Appellant challenges his conviction in three issues.  We affirm.

                                                               Background
Facts








Law enforcement officers of Haskell executed a
search warrant on a residence located in Haskell on the morning of July 14,
2004, for the purpose of searching for cocaine. 
The officers found three occupants in the house at the time of the
search: appellant, Donna McCulloch, and appellant=s
father.  Appellant was in the north
bedroom of the house.  Haskell Police
Officer William Alexander Glass testified that appellant and McCulloch had
lived together at the house since April or May 2004.  He also testified that appellant=s father had been visiting appellant
and McCulloch for a period of about two days. 
Officer Glass said that he knew appellant and McCulloch would be at the
house at the time of the search.  He also
said that appellant and McCulloch had lived together at other residences in the
past.  Haskell County Deputy Sheriff
Winston Stevens testified that he had known appellant and McCulloch for about
three years.  He said that appellant and
McCulloch were boyfriend and girlfriend and that they had lived together for
some time.

Officer Glass testified about the search of the
house.  He and Haskell Police Officer
Donald Matthew Cunningham searched the north bedroom of the house.  Officer Glass testified that the north
bedroom was the main bedroom in the house, that there was a bed on the north
wall of the bedroom, that there was a recliner by the bed, that there was a
dresser on the north wall, and that there was a dresser on the south wall.  Officer Glass found a Ahuge
crack pipe@ on top
of a pile of men=s clothes
on the recliner.  The officers discovered
other contraband in the north bedroom. Officer Cunningham found money that had
been hidden in a lamp.  The officers also
found two pill bottles containing pills on each of the dressers in the
room.  The prescription label had been
torn off of one of the pill bottles on the north dresser.  Officer Cunningham testified that this pill
bottle contained pretty large tablets. 
Officer Glass testified that this pill bottle was in plain view.  Testing of the tablets at a Department of
Public Safety laboratory showed that the tablets contained methadone.  The other pill bottle on the north dresser had
a prescription label with McCulloch=s
name on it and contained two types of pills. 
Some of the pills in the bottle matched the prescription label, but the
other pills in the bottle did not match the prescription label.  The two pill bottles on the south dresser had
prescription labels with McCulloch=s
name on them and contained multiple types of pills.  Officer Glass collected the evidence.

Officer Glass testified that he saw Amen=s
stuff@ and
clothes on the north dresser in the north bedroom.  Officer Cunningham searched the contents of
the north dresser.  He said that he found
men=s clothing in the dresser.








Officer Cunningham retrieved his drug-sniffing dog
to assist in the search.  The dog alerted
on McCulloch.  The dog did not alert on
appellant or on appellant=s
father.  Haskell County Constable Kim
Bassett took McCulloch into the bathroom and conducted a strip-search of
McCulloch.  During the search, McCulloch
took an item from her shorts and threw it into the toilet. Constable Bassett
prevented McCulloch from flushing the toilet. 
Officer Glass retrieved the item from the toilet.  The item was a small bag containing rocks of
an off-white substance.  Officer Glass
believed that the substance was cocaine. 
As a result of the search, the State charged McCulloch with possession
of cocaine.  The State did not charge
appellant with possession of cocaine.

                                                        Sufficiency
of the Evidence

In his first two issues, appellant contends that
the evidence is legally and factually insufficient to support his conviction
for possession of methadone.  In order to
determine if the evidence is legally sufficient, the appellate court reviews
all of the evidence in the light most favorable to the verdict and determines
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000).  In order to determine
if the evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson
v. State, 2006 WL 2956272, at *8 (Tex. Crim. App. Oct. 18, 2006)
(overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App.
2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000);
Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence. 
Watson, 2006 WL 2956272, at *8; 
Johnson, 23 S.W.3d at 10-11. 
The jury, as the finder of fact, is the sole judge of the weight and
credibility of the witnesses=
testimony.  Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981), art. 38.04 (Vernon 1979).








In a possession-of-a-controlled-substance case,
the State must prove, either directly or circumstantially, that the accused
exercised actual care, custody, control, or management over the contraband and
that the accused knew the matter possessed was contraband.  Tex.
Health & Safety Code Ann. '
481.002(38) (Vernon Supp. 2006); Poindexter
v. State, 153 S.W.3d 402, 405 (Tex.
Crim. App. 2005).  The State does not
have to prove the accused had exclusive possession of the contraband; joint
possession is sufficient to sustain a conviction.  Cude v. State, 716 S.W.2d 46, 47 (Tex.
Crim. App. 1986).  When there is no
evidence that the accused was in exclusive control of the place where the
contraband was found, the State must offer additional, independent facts and
circumstances affirmatively linking the accused to the contraband.  Poindexter, 153 S.W.3d at 406.  The evidence must affirmatively link the
accused to the offense so that one may reasonably infer that the accused knew
of the contraband=s
existence and exercised control over it. 
Linton v. State, 15 S.W.3d 615, 619 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
The purpose of affirmatively linking the accused to the contraband is to
protect innocent bystanders from conviction based solely on their fortuitous
proximity to the contraband.  Id.  Mere presence at the location where drugs
are found is, thus, insufficient by itself to establish actual care, custody,
or control of those drugs.  Evans v.
State, 202 S.W.3d 158, 162 (Tex.
Crim. App. 2006).  However, presence or
proximity when combined with other evidence either direct or circumstantial
(e.g., Alinks@) may well be sufficient to establish
that element beyond a reasonable doubt.  Id.








Factors that may affirmatively link an accused to
contraband include the following: (1) whether the accused was present when the
search was conducted; (2) whether the contraband was in plain view; (3) whether
the accused was in close proximity to and had access to the contraband; (4)
whether the accused was under the influence of narcotics when arrested; (5)
whether the accused possessed other contraband or narcotics when arrested; (6)
whether the accused made incriminating statements when arrested; (7) whether
the accused attempted to flee; (8) whether the accused made furtive gestures;
(9) whether there was an odor of contraband; (10) whether other contraband or
drug paraphernalia was present; (11) whether the accused owned or had the right
to possess the place where the drugs were found; (12) whether the place where
the drugs were found was enclosed; (13) whether the accused was found with a
large amount of cash; and (14) whether the conduct of the accused indicated a
consciousness of guilt.  Evans,
202 S.W.3d at 162 n.12; Swarb v. State, 125 S.W.3d 672, 684 (Tex. App.CHouston [1st Dist.] 2003, pet. dism=d); Hyett v. State, 58 S.W.3d
826, 830 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).  No set formula exists to dictate a finding of
affirmative links sufficient to support an inference of knowing possession of
contraband.  Taylor
v. State, 106 S.W.3d 827, 831 (Tex.
App.CDallas
2003, no pet.).  The number of factors
present is not as important as the logical force or the degree to which the
factors, alone or in combination, tend to affirmatively link the defendant to
the contraband.  Bates v. State,
155 S.W.3d 212, 216-17 (Tex. App.CDallas
2004, no pet.); Hurtado v. State, 881 S.W.2d 738, 743 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d); Whitworth v. State, 808
S.W.2d 566, 569 (Tex. App.CAustin
1991, pet. ref=d).

The State established several affirmative links
between appellant and the methadone.  The
evidence showed that appellant was present when the officers conducted the
search of the house.  The methadone
tablets were in plain view on the north dresser in the north bedroom.  The officers found appellant in the north
bedroom when they conducted the search. 
Thus, appellant was in close proximity and had access to the methadone
when the officers found him.  Officer
Glass found the crack pipe on the recliner in the north bedroom.  Therefore, the evidence showed that other
drug paraphernalia or contraband was present in the north bedroom.  The evidence also showed that appellant had
the right to possess the place where the officers found the methadone.  Officer Glass and Constable Stevens both
testified that appellant and McCulloch lived together at the house. Officer
Glass said that appellant and McCulloch had lived together at the house for
about two or three months before the search and that they had lived together in
other residences in the past. Constable Stevens said that appellant and
McCulloch had lived together as boyfriend and girlfriend for some period of
time.  Officer Glass saw Amen=s
stuff and clothes@ on the
north dresser in the north bedroom, and he saw a pile of men=s clothes on the recliner in the north
bedroom.  Officer Cunningham found men=s clothing when he searched the
contents of the dresser.  We find that
these affirmative links sufficiently linked appellant to the methadone to
support his conviction.

Applying the applicable standards of review, the
evidence is legally and factually sufficient to support appellant=s conviction for possession of
methadone.  We overrule appellant=s first and second issues.

                                                            Admission
of Evidence

In his third issue, appellant complains that the
trial court erred in admitting evidence relating to the search of McCulloch and
the discovery of the crack pipe. 
Appellant argues that this evidence was inadmissible under Tex. R. Evid. 404(b).








To be admissible, evidence must be relevant.  Tex.
R. Evid. 401 & 402.  Evidence
of other crimes, wrongs, or bad acts is not admissible to show character
conformity but may be admissible for other purposes, such as establishing an
elemental fact, establishing an evidentiary fact that leads to an elemental
fact, or rebutting a defensive theory. 
Rule 404(b); Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).  Rule 404(b) provides that evidence of other
crimes, wrongs, or bad acts may be admissible for proof of motive, opportunity,
intent, preparation, plan, knowledge, identity, or absence of mistake or
accident.  Further, although relevant
evidence may be admissible under Rule 404(b), evidence may still be
inadmissible under Tex. R. Evid.
403.  When performing a Rule 403
balancing test, a trial court must determine if the probative value of the
evidence is substantially outweighed by the danger of unfair prejudice.  Montgomery,
810 S.W.2d at 389.  In making this
determination, the trial court should consider the following: (1) whether the
ultimate issue was seriously contested by the opponent of the evidence; (2)
whether the State had other convincing evidence to establish the ultimate issue
to which the disputed evidence was relevant; (3) the compelling nature, or lack
thereof, of the evidence; and (4) the likelihood that the evidence was of such
a nature as to impair the efficacy of a limiting instruction.  Taylor
v. State, 920 S.W.2d 319, 322 (Tex. Crim. App. 1996); Montgomery, 810 S.W.2d at 392-93.  The trial court should also consider how much
time the State will need to develop the extraneous offense evidence and the
potential for the evidence to affect the jury in some irrational way.  Mozon v. State, 991 S.W.2d 841, 847
(Tex. Crim. App. 1999).  We will reverse
the trial court=s ruling
only upon a showing of a clear abuse of discretion.  Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000); Ransom v. State, 920 S.W.2d
288, 299 (Tex. Crim. App. 1996); Montgomery,
810 S.W.2d at 390.  An abuse of
discretion is shown if the ruling was outside the zone of reasonable
disagreement.  Montgomery, 810 S.W.2d at 391.








Evidence of extraneous transactions may be
admitted in drug possession cases when the transactions Atend
to prove the requisite affirmative link to the contraband.@ Brown v. State, 911 S.W.2d 744,
748 (Tex. Crim. App. 1995) (quoting Saenz v. State, 843 S.W.2d 24, 27
(Tex. Crim. App. 1992)).  One affirmative
link factor is whether other contraband or drug paraphernalia was present.  See Evans, 202 S.W.3d at 162
n.12.  In this case, the officers found
the crack pipe in the north bedroom of the house and discovered rocks of an
off-white substance during the search of McCulloch.  This evidence was relevant to the issue of
whether or not other contraband and drug paraphernalia were present in the
house.  See Saenz, 843 S.W.2d at
27.  The evidence tended to prove an
affirmative link between appellant and the methadone.  As such, the evidence was relevant to show
appellant=s
knowledge or intent to possess the methadone and was not inadmissible under
Rule 404(b).

To prove appellant guilty of the offense of
possession of the methadone, the State had the burden to prove facts and
circumstances affirmatively linking appellant to the methadone.  See Poindexter, 153 S.W.3d at
406.  The State had to offer evidence
relating to other items discovered in the search to fully establish the
affirmative links between appellant and the methadone.  The evidence relating to the search of
McCulloch and the discovery of the crack pipe had high probative value in
affirmatively linking appellant to the methadone.  Applying the Rule 403 balancing test, the
probative value of this evidence was not substantially outweighed by the danger
of unfair prejudice.  Therefore, the
trial court did not abuse its discretion in admitting it.  We overrule appellant=s
third issue.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

TERRY McCALL

JUSTICE

 

December 14, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.