Opinion filed January 17, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 17,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00119-CR 

                                                     __________

 

                               ELOY
PINA MAGALLANES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court 

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR30915

 



 

                                                                   O
P I N I O N

 

Eloy
Pina Magallanes was indicted for possession of cocaine in the amount of four
grams or more but less than 200 grams.  Appellant pleaded not guilty and
proceeded to a jury trial.  The jury found him guilty and assessed punishment
at five years confinement in the Institutional Division of the Texas Department
of Criminal Justice.  We affirm.








Issues
on Appeal

Appellant
raises two issues on appeal.  He asserts that he was denied effective
assistance of counsel and that the trial court erroneously denied his motion
for instructed verdict and motion for new trial based on insufficient evidence.

Ineffective
Assistance of Counsel

 To
prevail on a claim of ineffective assistance of counsel, an appellant must
establish that his lawyer=s
performance fell below an objective standard of reasonableness and that there
is a Areasonable
probability@ the
result of the proceeding would have been different but for counsel=s deficient performance.  Strickland
v. Washington, 466 U.S. 668, 693-94 (1984); Mallett v. State, 65
S.W.3d 59, 62-63 (Tex. Crim. App. 2001).  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Hernandez v.
State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

The
review of defense counsel=s
representation is highly deferential and presumes that trial  counsel=s actions fell within a
wide range of reasonable professional assistance.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  Appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768 (Tex.
Crim. App. 1994); Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland 2005, pet. ref=d).  When the record is
silent on the motivations underlying trial counsel=s tactical decisions, appellant usually cannot
overcome the strong presumption that counsel=s
conduct was reasonable.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  In order to defeat Strickland=s presumption of
reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. at 814
(quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).









Appellant
contends that his trial counsel was ineffective in failing to adequately inform
him of his potential punishment and in failing to help him make an informed
decision regarding punishment.  In a separate case prior to this trial,
appellant pleaded guilty to credit card abuse, and the trial court sentenced
him to 180 days in the State Jail Division of the Texas Department of Criminal
Justice.  Appellant argues that trial counsel did not inform him that his plea
of guilty to credit card abuse would make him ineligible for community
supervision in this case.  Appellant argues that he would not have pleaded
guilty to credit card abuse had he known that he would not be eligible for
community supervision in this case.  

Appellant=s contentions are not
supported by the record.  There is nothing in the record regarding any of the
plea agreement discussions regarding the credit-card-abuse case.  There are
countless reasons why trial counsel could have advised appellant to plead
guilty to credit card abuse, and we will not speculate as to those reasons.  Further,
appellant=s
credit-card-abuse case is not before this court, and we could not consider any
evidence of that plea agreement.  

There
is nothing in the record regarding discussions trial counsel had with appellant
regarding his punishment options and the possibility of being eligible for
community supervision in this case.  The application for community supervision
is not part of the appellate record.[1]  We cannot
determine if trial counsel informed appellant that he was ineligible for
community supervision or if trial counsel and appellant agreed that community
supervision was not a good option for him in this case.  Appellant has not
overcome the presumption that trial counsel=s
actions were reasonable in this case.  The record does not establish any
alleged ineffectiveness by trial counsel.  We overrule appellant=s first issue on appeal.

Insufficient
Evidence 








In
his second issue, appellant contends that the trial court erred in denying his
motion for instructed verdict and his motion for new trial because the evidence
was insufficient to show he was guilty of possession of cocaine.  A trial court=s ruling on a motion for
new trial is reviewed for an abuse of discretion.  Lewis v. State, 911
S.W.2d 1, 7 (Tex. Crim. App. 1995); State v. Gonzalez, 855 S.W.2d 692,
696 (Tex. Crim. App. 1993).  We do not substitute our judgment for that of the
trial court but, rather, decide whether the trial court=s decision was arbitrary or unreasonable.  Id. 
A challenge to the trial court=s
ruling on a motion for an instructed verdict is in actuality a challenge to the
sufficiency of the evidence to support the conviction.  Cook v. State,
858 S.W.2d 467, 470 (Tex. Crim. App. 1993).  Therefore, when considering an
issue contending the trial court erred in overruling a motion for instructed
verdict, we will determine whether the evidence was sufficient to support the
conviction.

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, the reviewing court determines whether the evidence supporting
the verdict is so weak that the verdict is clearly wrong and manifestly unjust
or whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

In order to prevail in a
possession-of-controlled-substance case, the State must prove, either directly
or circumstantially, that the accused exercised actual care, custody, control,
or management over the contraband and that the accused knew the matter possessed
was contraband.  Tex. Health &
Safety Code Ann. '
481.002(38) (Vernon Supp. 2007); Poindexter v. State, 153 S.W.3d 402,
405 (Tex. Crim. App. 2005).  The evidence must affirmatively link the accused
to the offense so that one may reasonably infer that the accused knew of the
contraband=s existence
and exercised control over it.  Linton v. State, 15 S.W.3d 615, 619
(Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d). 
Mere presence at the location where drugs are found is insufficient by itself
to establish actual care, custody, or control of the drugs.  Evans v. State,
202 S.W.3d 158, 162 (Tex. Crim. App. 2006).  However, presence or proximity
when combined with other evidence may be sufficient to establish possession.  Id. 









In
this case, the evidence was sufficient to establish that appellant exercised
care, custody, and control over the cocaine.  Trooper Matthew Swinney testified
that he and his partner received a dispatch about a burglary in progress at a
residence.  They responded to the call and were investigating when a woman
yelled, AThey=re running.@  Trooper Swinney testified
that he saw approximately twenty kids running away from the location.  Trooper
Swinney and his partner gave chase.  Trooper Swinney testified that he thought
he was going to catch a group of five or seven kids who had stopped behind some
bushes to catch their breath.  However, when he made himself known, only
appellant was behind the bushes.  He testified that, as he approached appellant
and announced himself, appellant jumped and tossed something to the ground. 
Trooper Swinney observed the direction and distance that appellant tossed the
items.  After securing appellant, Trooper Swinney went to investigate what
appellant had tossed.  Trooper Swinney testified that he found a Ahard rock.@

It was a white,
hard rock, kind of broken up, maybe half the size of a baseball or B to me, it was big. . . .  


 

And
it was kind of in a debris field, so he had the rock and then it was kind of
scattered in the same direction as he had thrown it, and kind of like a busted
up baggie.

 

Trooper Swinney testified that there was no one else around in the area. 
He further testified that, because he saw appellant throw the item and observed
where it landed, he did not believe that it belonged to anyone else.  The
evidence established that the Arock@ Trooper Swinney found was
58.92 grams of cocaine.

Appellant testified that he was attending a party at a
mobile home and that someone came in and told them that the police were
coming.  He testified that everyone started running and that he did too.  He
further testified that he was running with a group of about six people and that
they had stopped behind a bush to catch their breath.  When they saw the
officer, appellant was the last one to get up, and the officer tackled him. 
Appellant testified that the officer asked him if the cocaine was his and that
he told the officer it was not.  Appellant testified that he did not throw
anything to the ground.








 The
jury is the exclusive judge of the credibility of the witnesses and of the
weight to be given their testimony. Wesbrook v. State, 29 S.W.3d 103,
111 (Tex. Crim. App. 2000); Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992).  It is also the exclusive province of the jury to reconcile
conflicts in the evidence.   Wesbrook, 29 S.W.3d at 111.   In this case,
the jury was free to decide who to believe or disbelieve.  Applying the
applicable standards of review, the evidence is legally and factually
sufficient to support the jury=s
finding that appellant possessed cocaine.  The trial court did not err in
denying appellant=s
instructed verdict and motion for new trial. Appellant=s second issue on appeal is overruled. 

Holding

We
affirm the trial court=s
judgment.

 

 

RICK STRANGE

JUSTICE

 

January 17, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J.

 

 









[1]Appellant included an application for community
supervision with his brief, but it is not file-marked and not part of the clerk=s record.   Therefore, we cannot consider it as part
of the appellate record.  See Tex.
R. App. P. 34.1.