

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1389-08

---

### ERNESTO GONZALES, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### SAN PATRICIO COUNTY

---

KELLER, P.J., delivered the opinion of the Court in which MEYERS, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. PRICE, J., concurred.

Today we confront the following question: Must a trial judge conduct a competency hearing on his own initiative after hearing evidence that, due to alcohol or drug abuse, the defendant suffered amnesia with respect to events giving rise to the charged offense? We answer that question, "No."

### I. BACKGROUND

Appellant shot and killed a friend at a graduation party. Both appellant and his friend were intoxicated at the time. Appellant was found guilty of murdering his friend. At the punishment stage

of trial, appellant presented evidence that, due to alcohol and drug abuse, he suffers from primary amnesia or blackouts, and, as a result, he could not recall the incident. The jury assessed punishment at life imprisonment, and appellant appealed. The court of appeals affirmed the judgment, holding, "The mere fact that, due to his alcohol and drug abuse, [appellant] could not remember the actual shooting, did not raise a bona fide doubt in the trial judge sufficient to order a competency hearing."[1]

## II. ANALYSIS

An inquiry into competency must be conducted when there is evidence "sufficient to raise a *bona fide* doubt in the mind of the judge whether the defendant is legally competent."[2] "A *bona fide* doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation."[3] This list does not explicitly include amnesia or intoxication, and we recently observed, in *Morris v. State*, that "no case yet reported . . . has held that the inability to recall the event charged because of amnesia constitutes mental incapacity to stand trial."[4]

In *Morris*, we gave three reasons for holding that amnesia does not *per se* render a defendant incompetent to stand trial: (1) amnesia is akin to "missing" evidence, (2) a contrary rule "would unduly hamper the State's interest in the prosecution of violators of its criminal laws and jeopardize

---

[1] *Gonzales v. State*, No. 13-07-251-CR, slip op. at 7 (Tex. App.–Corpus Christi August 28, 2008) (not designated for publication).

[2] *Montoya v. State*, 291 S.W.3d 420, 424 (Tex. Crim. App. 2009).

[3] *Id.* at 425.

[4] 301 S.W.3d 281, 292 (Tex. Crim. App. 2009).

the safety and security of other citizens," and (3) amnesia can be easily feigned.[5] The first reason

we gave suggests that amnesia, by itself, should not even raise the issue of incompetency, because

the amnesiac is really in no different position than many other defendants who lack a recollection

of the events surrounding the charged offense:

> In his plight, the amnesiac differs very little from an accused who was home alone, asleep in bed, at the time of the crime or from a defendant whose only witnesses die or disappear before trial. Furthermore, courts, of necessity, must decide guilt or innocence on the basis of available facts even where those facts are known to be incomplete, and the amnesiac's loss of memory differs only in degree from that experienced by every defendant, witness, attorney, judge, and venireman. How much worse off is a generally amnesic defendant on trial for murder, for example, than one who remembers all but the dispositive fact: who struck the first blow?[6]

Though we did not "discount the possibility that there might one day be an extraordinary case in

which an inability to recall the charged event because of amnesia could constitute mental incapacity

to stand trial,"[7] our reference to such a case being "extraordinary" suggests that such a case would

be extremely rare, if it could happen at all. It is worth noting that we did not hold that such an

extraordinary situation could ever exist—we simply declined to discount the possibility.

The present case is not even remotely extraordinary. Unfortunately, crimes are often

committed by people who are severely intoxicated. And the fact that a defendant was too drunk at

the time of the incident to remember what happened is one of the paradigm examples used to support

---

[5] *Id.* at 292-93.

[6] *Id.* at 293 (quoting Comment, *Amnesia: a Case Study in the Limits of Particular Justice*, 71 Yale L.J. 109, 128 (1961)).

[7] *Id.* at 293.

the legal proposition that amnesia alone does not render an individual incompetent to stand trial.[8]

We recognized in *Morris* that the competency question assesses "the defendant's mental condition at the time of trial."[9] The competency standard requires that the defendant have "a sufficient present ability to consult with the lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him."[10] If an extraordinary situation involving amnesia does exist, it would have to be where the amnesia compromises a defendant's ability to think rationally.[11] That is not the claim here, nor is it the case. Appellant's asserted

---

[8] *See United States v. Stevens*, 461 F.2d 317, 320-21 (7th Cir. 1972) (discussing alcoholism-induced amnesia addressed in *United States v. Sullivan*, 406 F.2d 180 (2d Cir. 1969)); *Wilson v. United States*, 391 F.2d 460, 465 (D.C. Cir. 1968) (Leventhal, J., concurring)(saying a defendant who suffers amnesia due to injury is not significantly different "from a defendant who was so intoxicated that he 'passed out on his feet' at the crucial time, and does not now have the slightest recollection with which he can give his counsel any help as to what he was doing at that critical time"); *State v. McClendon*, 103 Ariz., 105, 108, 437 P.2d 421, 424 (quoting *Commonwealth ex. rel. Cummins v. Price*, 421 Pa. 396, 406, 218 A.2d 758, 763 (1966) saying that an amnesia defendant "is as able to cooperate with his counsel in making a rational defense as is any defendant who alleges that at the time of the crime he was insane or very intoxicated or completely drugged, or a defendant whose mind allegedly went blank or blacked out or who panicked and contends or testifies that he does not remember anything"); *Morrow v. State*, 293 Md. 247, 254, 443 A.2d 108, 112 (1982) ("the practical effect of amnesia is the same as being alone in bed at the time of the crime . . . or memory loss from drunkenness or drugs"); *State v. Avery*, 315 N.C. 1, 337 S.E.2d 786 (1985) (quoting *State v. Willard*, 292 N.C. 567, 576-77, 234 S.E. 2d 587, 593 (1977): "Partial amnesia places a defendant in no worse a position than the defendant who cannot remember where he was on a particular day because of the passage of time, or because he was insane, very intoxicated, completely drugged, or unconscious at the time."); *State v. Peabody*, 611 A.2d 826, 832 (R.I. 1992)("Inevitably in this jurisdiction and others persons will be charged with crimes for which they have no memory. The causes of their amnesia may vary from psychological or physical trauma to drug or alcohol-induced blackout. . . . We do not wish to provide a means of evading trial to those who are charged with criminal activity but cannot recall such activity owing to fortuitous circumstances or otherwise.").

[9] 301 S.W.3d at 292-293.

[10] *Id.* (citing TEX. CODE CRIM. PROC. art. 46B.003(a)).

[11] *See People v. Francabandera*, 33 N.Y.2d 429, 436, 310 N.E.2d 292, 295, 354 N.Y.S.2d 609, 614 (Ct. App. 1974) ("Defendant here was perfectly rational and sane at the time

present inability to remember the events surrounding the murder does not impair his rational thought process and therefore does not render him incompetent.

> We affirm the judgment of the court of appeals.

Delivered: June 16, 2010

Publish

---

he would have stood trial had he so opted."); *Frederick v. State*, 2001 OK CR 34, 37, 37 P.3d 908, 924 (2001).