

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00013-CR
### NO. 02-11-00014-CR

CHANCE CARTER GRAY                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Chance Carter Gray appeals his convictions and concurrent nineteen-year sentences for two counts of aggravated robbery with a deadly weapon. In a single point, appellant contends that the trial court erred when it failed to sua sponte conduct an inquiry into his competency after testimony showed that he was taking medication given to him by the Tarrant County Sherriff's Department Jail Administration to control his anger and assist him in sleeping. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant entered an open plea of guilt to both charges. At the hearing on sentencing, appellant testified that he had taken a Xanax before committing the first robbery and that he was on Depakote for bipolar disorder at the time he took the Xanax. He was seventeen when he committed the robberies with a fifteen-year-old acquaintance.

Appellant's counsel asked appellant if he had been "in special ed classes," and appellant answered, "Yeah." Appellant's counsel then asked appellant whether he was taking any medication while incarcerated, and appellant said he was. When asked what the medications were for, appellant answered, "For my anger control, like anything, like me hyperactive and all that, you know what I'm saying? Make me sleep – give me some medicine and help me sleep, too." Appellant answered yes when counsel asked if he was bipolar. When asked if he knew what that meant, appellant said, "Yeah, like mood swings, like mood change." Appellant admitted to getting into two fights in jail; he appeared to admit to having fought with an officer. He also admitted getting into trouble for fighting before committing the robberies.

Appellant contends that the trial court should have sua sponte stopped the hearing to hold a preliminary competency inquiry. *See* Tex. Code Crim. Proc. Ann. art. 46B.004(b), (c) (West Supp. 2011). An inquiry into competency must be conducted when there is evidence "sufficient to raise a bona fide doubt in the mind of the judge whether the defendant is legally competent." *Gonzalez v. State*, 313 S.W.3d 840, 841 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 921

2

(2011); *Montoya v. State*, 291 S.W.3d 420, 424–25 (Tex. Crim. App. 2009). "A bona fide doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation." *Montoya*, 291 S.W.3d at 425.

Article 46B.003 provides that "[a] person is incompetent to stand trial if the person does not have . . . (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006). However, a person is presumed competent until proven otherwise by a preponderance of the evidence. *Id.* art. 46B.003(b). A person's past history of depression or mental illness is not an indication of incompetency unless it shows that it impacts the defendant's present ability to understand the proceedings and communicate with counsel. *Montoya*, 291 S.W.3d at 425–26. Likewise, the fact that a defendant is taking medication that may have side effects does not indicate that he or she is incompetent unless it appears those side effects impact the defendant's understanding of the proceedings or ability to communicate with counsel. *Id.*

At the beginning of the hearing, appellant's counsel answered the trial court's question regarding appellant's competency with, "Yes, he is, Your Honor. He's competent." Later, appellant testified that he had completed the eleventh grade, but he got arrested before starting twelfth grade. The trial court admitted the presentence investigation report (PSI) into evidence. The PSI indicated that

3

appellant had completed the ninth grade, but his attendance at schools was not consistent after that grade. He also had a history of behavior problems at school, including fighting. The PSI also indicated that appellant has a past history of ADHD, episodic mood disorder, and bipolar disorder. It also showed that appellant was being currently treated by Tarrant County MHMR and was taking Depakote and Sinequan.[2]

The record shows that although appellant had trouble expressing himself grammatically, he was able to respond appropriately to questions from counsel and the trial court. He expressed remorse for his actions and said he wanted to tell some of the victims that he was sorry. He testified that in jail he had changed from being a follower into a leader. Moreover, appellant understood that he would be facing incarceration and was crying at the hearing, which the trial court interpreted as appellant's understanding that he was facing the long-term loss of his freedom.

We conclude and hold that the evidence was insufficient to create a bona fide doubt as to appellant's competency. Thus, the trial court did not abuse its discretion by failing to sua sponte halt the sentencing hearing for a further competency evaluation. *See Montoya*, 291 S.W.3d at 426.

---

[2]The PSI also lists Ritalin and Elavil under "Medications," but it does not state whether appellant was currently taking those medications at the time of the PSI.

4

We overrule appellant's sole point and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:   November 23, 2011