02-11-013-CR and 02-11-014-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-11-00013-CR

NO.
02-11-00014-CR

 

 


 
 
 Chance Carter Gray
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

----------

 

FROM THE 432nd District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

         
Chance Carter Gray appeals his convictions and concurrent nineteen-year
sentences for two counts of aggravated robbery with a deadly weapon.  In a
single point, appellant contends that the trial court erred when it failed to sua sponte conduct an inquiry
into his competency after testimony showed that he was taking medication given
to him by the Tarrant County Sherriff’s Department Jail Administration to
control his anger and assist him in sleeping.  We affirm.

         
Appellant entered an open plea of guilt to both
charges.  At the hearing on sentencing, appellant testified that he had
taken a Xanax before committing the first robbery and
that he was on Depakote for bipolar disorder at the
time he took the Xanax.  He was seventeen when
he committed the robberies with a fifteen-year-old acquaintance.

Appellant’s
counsel asked appellant if he had been “in special ed
classes,” and appellant answered, “Yeah.”  Appellant’s counsel then asked
appellant whether he was taking any medication while
incarcerated, and appellant said he was.  When asked what the medications
were for, appellant answered, “For my anger control, like anything, like me
hyperactive and all that, you know what I’m saying?  Make me sleep – give
me some medicine and help me sleep, too.”  Appellant answered yes when
counsel asked if he was bipolar.  When asked if he knew what that meant,
appellant said, “Yeah, like mood swings, like mood change.”  Appellant admitted
to getting into two fights in jail; he appeared to admit to having fought with
an officer.  He also admitted getting into trouble for fighting before
committing the robberies.

         
Appellant contends that the trial court should have sua
sponte stopped the hearing to hold a preliminary
competency inquiry.  See Tex. Code Crim. Proc. Ann. art. 46B.004(b), (c) (West Supp.
2011).  An inquiry into competency must be conducted when there is
evidence “sufficient to raise a bona fide doubt in the mind of the judge
whether the defendant is legally competent.”  Gonzalez v. State,
313 S.W.3d 840, 841 (Tex. Crim. App. 2010), cert.
denied, 131 S. Ct. 921 (2011); Montoya v. State, 291 S.W.3d 420, 424–25 (Tex. Crim. App. 2009).  “A bona
fide doubt may exist if the defendant exhibits truly bizarre behavior or has a
recent history of severe mental illness or at least moderate mental
retardation.”  Montoya, 291 S.W.3d
at 425.

         
Article 46B.003 provides that “[a] person is
incompetent to stand trial if the person does not have . . . (1) sufficient
present ability to consult with the person’s lawyer with a reasonable degree of
rational understanding; or (2) a rational as well as factual understanding of
the proceedings against the person.”  Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006). 
However, a person is presumed competent until proven otherwise by a
preponderance of the evidence.  Id. art. 46B.003(b).  A person’s past history of
depression or mental illness is not an indication of incompetency unless it
shows that it impacts the defendant’s present ability to understand the
proceedings and communicate with counsel.  Montoya, 291 S.W.3d at 425–26. 
Likewise, the fact that a defendant is taking medication that may have side
effects does not indicate that he or she is incompetent unless it appears those
side effects impact the defendant’s understanding of
the proceedings or ability to communicate with counsel.  Id.

         
At the beginning of the hearing, appellant’s counsel answered the trial court’s
question regarding appellant’s competency with, “Yes, he is, Your Honor. 
He’s competent.”  Later, appellant testified that he had completed the
eleventh grade, but he got arrested before starting twelfth grade.  The
trial court admitted the presentence investigation report (PSI) into
evidence.  The PSI indicated that appellant had completed the ninth grade,
but his attendance at schools was not consistent after that grade.  He
also had a history of behavior problems at school, including fighting. 
The PSI also indicated that appellant has a past history of ADHD, episodic mood
disorder, and bipolar disorder.  It also showed that appellant was being
currently treated by Tarrant County MHMR and was
taking Depakote and Sinequan.[2]

         
The record shows that although appellant had trouble expressing himself
grammatically, he was able to respond appropriately to questions from counsel
and the trial court.  He expressed remorse for his actions and said he
wanted to tell some of the victims that he was sorry.  He testified that
in jail he had changed from being a follower into a leader.  Moreover,
appellant understood that he would be facing incarceration and was crying at
the hearing, which the trial court interpreted as appellant’s understanding
that he was facing the long-term loss of his freedom.

We
conclude and hold that the evidence was insufficient to create a bona fide
doubt as to appellant’s competency.  Thus, the trial court did not abuse
its discretion by failing to sua sponte
halt the sentencing hearing for a further competency evaluation.  See
Montoya, 291 S.W.3d at 426.

We overrule appellant’s sole point and affirm
the trial court’s judgment.

                                                                            


                                                                            


 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
  November 23, 2011

 











[1]See
Tex. R. App. P. 47.4.





[2]The
PSI also lists Ritalin and Elavil under
“Medications,” but it does not state whether appellant was currently taking
those medications at the time of the PSI.