Opinion filed June 14,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00182-CR

                                                    __________

 

                              DANTWON
HENDERSON, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 19th District Court

                                                        McLennan
County, Texas

                                               Trial
Court Cause No. 2009-1616-C1

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            A
grand jury indicted Dantwon Henderson[1] for one count
of aggravated assault and one count of assault family violence against the same
victim, Sherrie Henderson.  Both counts were enhanced with a previous felony
conviction.  The State abandoned the aggravated assault count prior to trial.  The
jury found Appellant guilty, found the enhancement paragraph to be true, and
assessed punishment at fifteen years confinement.  We modify and affirm.

            Sherrie
Henderson lived with her mother and father in their residence; her two sons,
one of whom was Appellant, also lived there.  Henderson asked Appellant to
vacuum the floor of the residence.  Appellant told his mother, “Shut up, bitch.”
 Then, he started hitting her with his fist.   As a result of the beating, Henderson
sustained two fractured ribs, a collapsed lung, and a concussion.  She missed work
for two weeks.

            In
his first point of error, Appellant contends that the evidence was insufficient
to establish proof of the enhancement allegation because the evidence was
offered before the enhancement paragraph was read and Appellant entered his
plea of not true.  While Appellant categorizes his argument as a sufficiency of
the evidence issue, it is a question of trial error, and we will analyze it as
such.  Welch v. State, 645 S.W.2d 284, 286 (Tex. Crim. App. 1983); see
Mendez v. State, 212 S.W.3d 382, 389 (Tex. App.—Austin 2006, pet. ref’d) (failure
to read enhancement allegations does not have double jeopardy implications).

            It
is mandatory that the State read the enhancement paragraph at the beginning of
the punishment phase.  Turner v. State, 897 S.W.2d 786, 788 (Tex. Crim.
App. 1995).  The defendant then must enter a plea of true or not true to the
enhancement allegation.  Tex. Code Crim.
Proc. Ann. art. 36.01 (West 2007); Linton v. State, 15 S.W.3d
615, 620 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  If the State
neglects to read the enhancement paragraph at the beginning of the punishment
phase, the proper procedure is for the trial court to allow the State to read
the enhancement paragraph, to allow the defendant to plead to the enhancement
paragraph, and to require the State to reoffer any evidence previously
offered.  Welch, 645 S.W.2d at 285.

In this case, the trial court started the punishment phase before
the reading of the enhancement allegation, and Appellant did not plead to the
enhancement allegation.  The parties then presented their evidence. 
Appellant’s attorney showed no surprise, nor did he object to the procedure.  As
the trial court read the punishment charge to the jury, it realized that the
enhancement allegation had not been read.  After a bench conference, the trial
court decided the State would read the enhancement paragraph and then Appellant’s
plea of not true would be taken.  After the plea of not true, the trial court
finished reading the punishment charge to the jury without either side
reoffering the evidence that had previously been heard by the jury.  The trial
court did not follow the proper procedure as we have outlined.

The State contends that Appellant has not preserved error on
this argument.  A violation of Article 36.01 may not be raised for the first
time on appeal.  Yeakley v. State, No. 03-09-00584-CR, 2011 WL 677391,
at *6–7 (Tex. App.—Austin Feb. 25, 2011, pet. dism’d) (mem. op., not designated
for publication).  Appellant did not note the irregularity, nor did he object
to the procedure.  Therefore, Appellant has not preserved error.  Ridge v.
State, 855 S.W.2d 234, 235–36 (Tex. App.—Fort Worth 1993, no pet.) (any
error in failing to reoffer evidence after reading of enhancement paragraph
waived by failure to object); Meadows v. State, No. 08-05-00394-CR, 2007
WL 1651324, at *6–9 (Tex. App.—El Paso June 7, 2007, no pet.) (not designated
for publication) (any error in State’s failure to reintroduce evidence after
enhancement allegation read to jury and defendant pleads is waived by failure
to object).

Moreover, even if Appellant had preserved error, he has not
suffered any harm as a result of the State’s failure to reoffer the punishment
evidence.  A violation of Article 36.01 is subject to harmless error analysis. 
Hernandez v. State, 190 S.W.3d 856, 868 (Tex. App.—Corpus Christi 2006,
no pet.); Linton, 15 S.W.3d at 620; see Mendez, 212
S.W.3d at 388 (no category of error is immune to harmless error
analysis).  The proper harmless error analysis to apply is the
“non-constitutional” standard.  Hernandez, 190 S.W.3d at 868; Stegall
v. State, No. 05-04-01283-CR, 2005 WL 1283541, at *3 (Tex. App.—Dallas June
1, 2005, no pet.) (not designated for publication).  Nonconstitutional errors
require reversal only if the error could have impacted Appellant’s substantial
rights.  Tex. R. App. P. 44.2(b). 
A substantial right is affected when the error had a substantial and injurious
effect or influence in determining the jury’s verdict.  King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997); see Hernandez, 190 S.W.3d
at 868 (“[A]fter examining the record as a whole, the appellate court must
disregard the error if it has fair assurance that the error did not influence
the jury or had but a slight effect.”).

The key concern of appellate courts when an enhancement
paragraph is not read to the jury is that the defendant could be misled into
thinking that the State was abandoning the enhancement paragraph.  Linton,
15 S.W.3d at 621.  A defendant under this mistaken assumption might testify
and incriminate himself for purposes other than to subject himself to an
enhanced punishment.  Id. (citing Turner, 897 S.W.2d at 789).  In
this case, Appellant could not have been misled into thinking that the
enhancement allegation was abandoned because the State, at the beginning of the
punishment hearing, had Appellant fingerprinted to prove his identity and
introduced the “pen packs” that proved the enhancement allegation.  Appellant
did not express any surprise at the introduction of this evidence, and he did
not show that he was misled into testifying.  Any error is harmless.  See id.;
Stegall, 2005 WL 1283541, at *3 (stating that, because pen packets were
introduced at the beginning of punishment hearing, defendant could not have
been surprised).  Appellant’s first point of error is overruled.

In his second point of error, Appellant contends that the
trial court erred in failing to grant a mistrial following improper jury
argument.  The trial court gave the jury the standard instruction as mandated in
the Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2011).  During its
closing argument, the State made the following comments:

Now, I think you-all should keep in mind the parole law.  It
tells you in the papers you have he will be eligible for parole after he serves
one-fourth.  So, just an example, if you gave him eight years, he would be
eligible after he serves two years.  Is he going to get it or not, I don’t
know, but look what happened last time.  He got four years.  One-fourth of that
was 12 months.  He became eligible.  He got out after 13 months.  So they let
him out almost immediately.  So on a four-year sentence before, he did 13
months, and you-all can consider that.  Consider how long you-all want him to
stay in for.  And that’s not even considering any good time he could earn.

 

Appellant
objected to the argument as asking the jury to consider parole law, and the
trial court sustained the objection.  After a request by Appellant, the trial
court gave the following instruction to the jury:  “Ladies and gentlemen, you
will not consider how the parole law might be applied to this particular
defendant.  You can consider it for general purposes.  You can’t consider how
it might be applied to this particular defendant.”  The trial court denied
Appellant’s request for a mistrial.

            We
review a trial court’s denial of a motion for mistrial under an abuse of
discretion standard.  Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim.
App. 2003).  A mistrial is appropriate only for highly prejudicial and
incurable errors.  Id.

A jury may neither consider nor apply parole law in making punishment
determinations.  Harwood v. State, 961 S.W.2d 531, 544 (Tex. App.—San
Antonio 1997, no pet.).  The argument in this case was improper because it
invited the jury to consider Appellant’s parole experience in deciding punishment. 
It is improper for the prosecution to ask the jury to consider how long the
defendant would be required to serve in order to satisfy any punishment
imposed.  Clark v. State, 643 S.W.2d 723, 724 (Tex. Crim. App. 1982).




 

The State’s references to how long Appellant had served for his
previous sentence were an invitation for the jury to consider parole in its
calculation of appropriate punishment.  See Helleson v. State, 5 S.W.3d
393, 398 (Tex. App.—Fort Worth 1999, pet. ref’d) (prosecutor’s argument to jury
to “do the math” is an improper invitation to the jury to consider parole law);
Harwood, 961 S.W.2d at 543 (State’s argument that the jury should
find defendant used deadly weapon because he will serve half the time assessed
is an inappropriate invitation to jury to consider parole in assessing
punishment).  A prompt instruction to disregard ordinarily cures any error
caused by an argument asking the jurors to consider parole.  Helleson, 5
S.W.3d at 396.  In this case, the trial court promptly instructed the jury,
reiterating the court’s charge when it instructed the jury not to consider
parole.  Thus, any harm caused by the State’s argument was cured.  See
Harwood, 961 S.W.2d at 544.  Appellant’s second point of error is
overruled.

In his third point of error, Appellant complains that the
trial court should have made an inquiry into his competence to stand trial
after his testimony during the guilt phase of trial.  A defendant is presumed
competent until he is proved incompetent by a preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art.
46B.003(b) (West 2006).  The Code of Criminal Procedure defines incompetence as
a defendant not having sufficient ability to consult with his lawyer “with a
reasonable degree of rational understanding” or not having “a rational as well
as factual understanding of the proceedings against” him.  Id. Article 46B.003(a). 
We review a trial court’s decision to inquire into a defendant’s competence
under an abuse of discretion standard.  Montoya v. State, 291 S.W.3d
420, 426 (Tex. Crim. App. 2009).

            A
trial court must conduct an inquiry into competence when the evidence is
sufficient to raise a “bona fide doubt” on the question of whether the
defendant is legally competent.  Gonzales v. State, 313 S.W.3d 840, 841
(Tex. Crim. App. 2010) (quoting Montoya, 291 S.W.3d at 424).  The
evidence can come from any source.  Tex.
Code Crim. Proc. Ann. art. 46B.004 (West Supp. 2011).  Among other
things, a bona fide doubt may exist when a defendant exhibits “truly bizarre
behavior” or has a history of recent severe mental illness or moderate mental
retardation. Montoya, 291 S.W.3d at 425.  In evaluating competency, the
trial court may consider a defendant’s level of understanding of the
proceedings and his ability to consult with counsel.  Id. at 425–26.




 

Appellant testified and answered a
series of questions about his age, where he lived, and with whom he lived, all
of which he answered appropriately.  He also gave a chronology of where he had
lived and answered questions about his criminal history.  He was then asked
about the incident for which he was on trial.  Appellant related that he was in
the backyard of his grandparents’ residence, smoking “Black and Mild” with his
grandfather, when his grandmother asked him to vacuum the floor in the house.  Appellant
argued with his grandmother, and he then started to argue with his mother. 
According to Appellant, his mother began “cussing” him.  Appellant testified
that his mother started the argument and that he escalated it into a physical
altercation.  Appellant admitted that he hit his mother in the face, but only
once.  He described the punch as a “pull-back jab,” but he maintained that it
was not a very hard hit.  He also testified that he did not fracture his
mother’s ribs and that the X-rays would prove it.

Appellant’s testimony did not show a lack of understanding of
the charges against him, nor did it show that he lacked an ability to
communicate with his counsel.  Although his recounting of events was at odds
with other accounts, that is certainly not unusual and does not show a lack of
competency.  Appellant’s testimony was neither incoherent nor
incomprehensible.  Also, prior to trial, a psychiatrist examined Appellant and
found him to be competent.  Given the record in this case, we cannot say that
the trial court’s decision not to inquire into the competency of Appellant was
arbitrary or unreasonable.  Appellant’s third point of error is overruled.

We note that the judgment in this case reflects that the jury
found the enhancement paragraph to be not true.  The verdict form of the jury reflects
that the jury found the enhancement paragraph to be true.  We modify the
judgment in this case to reflect the jury’s finding of “true” to the
enhancement paragraph.  As modified, the judgment of the trial court is affirmed.

 

ERIC KALENAK

June 14, 2012                                                                          JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]It is noted that Dantwon Henderson’s name is also
spelled D’Antwon Henderson in the record.