**Opinion filed June 14, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00182-CR

_____

### DANTWON HENDERSON, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 19th District Court**
**McLennan County, Texas**
**Trial Court Cause No. 2009-1616-C1**

### MEMORANDUM OPINION

A grand jury indicted Dantwon Henderson[1] for one count of aggravated assault and one count of assault family violence against the same victim, Sherrie Henderson. Both counts were enhanced with a previous felony conviction. The State abandoned the aggravated assault count prior to trial. The jury found Appellant guilty, found the enhancement paragraph to be true, and assessed punishment at fifteen years confinement. We modify and affirm.

Sherrie Henderson lived with her mother and father in their residence; her two sons, one of whom was Appellant, also lived there. Henderson asked Appellant to vacuum the floor of the residence. Appellant told his mother, "Shut up, bitch." Then, he started hitting her with his fist.

---

[1] It is noted that Dantwon Henderson's name is also spelled D'Antwon Henderson in the record.

As a result of the beating, Henderson sustained two fractured ribs, a collapsed lung, and a concussion. She missed work for two weeks.

In his first point of error, Appellant contends that the evidence was insufficient to establish proof of the enhancement allegation because the evidence was offered before the enhancement paragraph was read and Appellant entered his plea of not true. While Appellant categorizes his argument as a sufficiency of the evidence issue, it is a question of trial error, and we will analyze it as such. *Welch v. State*, 645 S.W.2d 284, 286 (Tex. Crim. App. 1983); *see Mendez v. State*, 212 S.W.3d 382, 389 (Tex. App.—Austin 2006, pet. ref'd) (failure to read enhancement allegations does not have double jeopardy implications).

It is mandatory that the State read the enhancement paragraph at the beginning of the punishment phase. *Turner v. State*, 897 S.W.2d 786, 788 (Tex. Crim. App. 1995). The defendant then must enter a plea of true or not true to the enhancement allegation. TEX. CODE CRIM. PROC. ANN. art. 36.01 (West 2007); *Linton v. State*, 15 S.W.3d 615, 620 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). If the State neglects to read the enhancement paragraph at the beginning of the punishment phase, the proper procedure is for the trial court to allow the State to read the enhancement paragraph, to allow the defendant to plead to the enhancement paragraph, and to require the State to reoffer any evidence previously offered. *Welch*, 645 S.W.2d at 285.

In this case, the trial court started the punishment phase before the reading of the enhancement allegation, and Appellant did not plead to the enhancement allegation. The parties then presented their evidence. Appellant's attorney showed no surprise, nor did he object to the procedure. As the trial court read the punishment charge to the jury, it realized that the enhancement allegation had not been read. After a bench conference, the trial court decided the State would read the enhancement paragraph and then Appellant's plea of not true would be taken. After the plea of not true, the trial court finished reading the punishment charge to the jury without either side reoffering the evidence that had previously been heard by the jury. The trial court did not follow the proper procedure as we have outlined.

The State contends that Appellant has not preserved error on this argument. A violation of Article 36.01 may not be raised for the first time on appeal. *Yeakley v. State*, No. 03-09-00584-CR, 2011 WL 677391, at *6–7 (Tex. App.—Austin Feb. 25, 2011, pet. dism'd) (mem.

2

op., not designated for publication). Appellant did not note the irregularity, nor did he object to the procedure. Therefore, Appellant has not preserved error. *Ridge v. State*, 855 S.W.2d 234, 235–36 (Tex. App.—Fort Worth 1993, no pet.) (any error in failing to reoffer evidence after reading of enhancement paragraph waived by failure to object); *Meadows v. State*, No. 08-05-00394-CR, 2007 WL 1651324, at *6–9 (Tex. App.—El Paso June 7, 2007, no pet.) (not designated for publication) (any error in State's failure to reintroduce evidence after enhancement allegation read to jury and defendant pleads is waived by failure to object).

Moreover, even if Appellant had preserved error, he has not suffered any harm as a result of the State's failure to reoffer the punishment evidence. A violation of Article 36.01 is subject to harmless error analysis. *Hernandez v. State*, 190 S.W.3d 856, 868 (Tex. App.—Corpus Christi 2006, no pet.); *Linton*, 15 S.W.3d at 620; *see Mendez*, 212 S.W.3d at 388 (no category of error is immune to harmless error analysis). The proper harmless error analysis to apply is the "non-constitutional" standard. *Hernandez*, 190 S.W.3d at 868; *Stegall v. State*, No. 05-04-01283-CR, 2005 WL 1283541, at *3 (Tex. App.—Dallas June 1, 2005, no pet.) (not designated for publication). Nonconstitutional errors require reversal only if the error could have impacted Appellant's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *see Hernandez*, 190 S.W.3d at 868 ("[A]fter examining the record as a whole, the appellate court must disregard the error if it has fair assurance that the error did not influence the jury or had but a slight effect.").

The key concern of appellate courts when an enhancement paragraph is not read to the jury is that the defendant could be misled into thinking that the State was abandoning the enhancement paragraph. *Linton*, 15 S.W.3d at 621. A defendant under this mistaken assumption might testify and incriminate himself for purposes other than to subject himself to an enhanced punishment. *Id.* (citing *Turner*, 897 S.W.2d at 789). In this case, Appellant could not have been misled into thinking that the enhancement allegation was abandoned because the State, at the beginning of the punishment hearing, had Appellant fingerprinted to prove his identity and introduced the "pen packs" that proved the enhancement allegation. Appellant did not express any surprise at the introduction of this evidence, and he did not show that he was misled into testifying. Any error is harmless. *See id.*; *Stegall*, 2005 WL 1283541, at *3 (stating that,

3

because pen packets were introduced at the beginning of punishment hearing, defendant could not have been surprised). Appellant's first point of error is overruled.

In his second point of error, Appellant contends that the trial court erred in failing to grant a mistrial following improper jury argument. The trial court gave the jury the standard instruction as mandated in the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (West Supp. 2011). During its closing argument, the State made the following comments:

> Now, I think you-all should keep in mind the parole law. It tells you in the papers you have he will be eligible for parole after he serves one-fourth. So, just an example, if you gave him eight years, he would be eligible after he serves two years. Is he going to get it or not, I don't know, but look what happened last time. He got four years. One-fourth of that was 12 months. He became eligible. He got out after 13 months. So they let him out almost immediately. So on a four-year sentence before, he did 13 months, and you-all can consider that. Consider how long you-all want him to stay in for. And that's not even considering any good time he could earn.

Appellant objected to the argument as asking the jury to consider parole law, and the trial court sustained the objection. After a request by Appellant, the trial court gave the following instruction to the jury: "Ladies and gentlemen, you will not consider how the parole law might be applied to this particular defendant. You can consider it for general purposes. You can't consider how it might be applied to this particular defendant." The trial court denied Appellant's request for a mistrial.

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). A mistrial is appropriate only for highly prejudicial and incurable errors. *Id.*

A jury may neither consider nor apply parole law in making punishment determinations. *Harwood v. State*, 961 S.W.2d 531, 544 (Tex. App.—San Antonio 1997, no pet.). The argument in this case was improper because it invited the jury to consider Appellant's parole experience in deciding punishment. It is improper for the prosecution to ask the jury to consider how long the defendant would be required to serve in order to satisfy any punishment imposed. *Clark v. State*, 643 S.W.2d 723, 724 (Tex. Crim. App. 1982).

4

The State's references to how long Appellant had served for his previous sentence were an invitation for the jury to consider parole in its calculation of appropriate punishment. *See Helleson v. State*, 5 S.W.3d 393, 398 (Tex. App.—Fort Worth 1999, pet. ref'd) (prosecutor's argument to jury to "do the math" is an improper invitation to the jury to consider parole law); *Harwood*, 961 S.W.2d at 543 (State's argument that the jury should find defendant used deadly weapon because he will serve half the time assessed is an inappropriate invitation to jury to consider parole in assessing punishment). A prompt instruction to disregard ordinarily cures any error caused by an argument asking the jurors to consider parole. *Helleson*, 5 S.W.3d at 396. In this case, the trial court promptly instructed the jury, reiterating the court's charge when it instructed the jury not to consider parole. Thus, any harm caused by the State's argument was cured. *See Harwood*, 961 S.W.2d at 544. Appellant's second point of error is overruled.

In his third point of error, Appellant complains that the trial court should have made an inquiry into his competence to stand trial after his testimony during the guilt phase of trial. A defendant is presumed competent until he is proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). The Code of Criminal Procedure defines incompetence as a defendant not having sufficient ability to consult with his lawyer "with a reasonable degree of rational understanding" or not having "a rational as well as factual understanding of the proceedings against" him. *Id.* Article 46B.003(a). We review a trial court's decision to inquire into a defendant's competence under an abuse of discretion standard. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

A trial court must conduct an inquiry into competence when the evidence is sufficient to raise a "*bona fide* doubt" on the question of whether the defendant is legally competent. *Gonzales v. State*, 313 S.W.3d 840, 841 (Tex. Crim. App. 2010) (quoting *Montoya*, 291 S.W.3d at 424). The evidence can come from any source. TEX. CODE CRIM. PROC. ANN. art. 46B.004 (West Supp. 2011). Among other things, a bona fide doubt may exist when a defendant exhibits "truly bizarre behavior" or has a history of recent severe mental illness or moderate mental retardation. *Montoya*, 291 S.W.3d at 425. In evaluating competency, the trial court may consider a defendant's level of understanding of the proceedings and his ability to consult with counsel. *Id.* at 425–26.

5

Appellant testified and answered a series of questions about his age, where he lived, and with whom he lived, all of which he answered appropriately. He also gave a chronology of where he had lived and answered questions about his criminal history. He was then asked about the incident for which he was on trial. Appellant related that he was in the backyard of his grandparents' residence, smoking "Black and Mild" with his grandfather, when his grandmother asked him to vacuum the floor in the house. Appellant argued with his grandmother, and he then started to argue with his mother. According to Appellant, his mother began "cussing" him. Appellant testified that his mother started the argument and that he escalated it into a physical altercation. Appellant admitted that he hit his mother in the face, but only once. He described the punch as a "pull-back jab," but he maintained that it was not a very hard hit. He also testified that he did not fracture his mother's ribs and that the X-rays would prove it.

Appellant's testimony did not show a lack of understanding of the charges against him, nor did it show that he lacked an ability to communicate with his counsel. Although his recounting of events was at odds with other accounts, that is certainly not unusual and does not show a lack of competency. Appellant's testimony was neither incoherent nor incomprehensible. Also, prior to trial, a psychiatrist examined Appellant and found him to be competent. Given the record in this case, we cannot say that the trial court's decision not to inquire into the competency of Appellant was arbitrary or unreasonable. Appellant's third point of error is overruled.

We note that the judgment in this case reflects that the jury found the enhancement paragraph to be not true. The verdict form of the jury reflects that the jury found the enhancement paragraph to be true. We modify the judgment in this case to reflect the jury's finding of "true" to the enhancement paragraph. As modified, the judgment of the trial court is affirmed.


ERIC KALENAK

June 14, 2012                                                        JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

6