

NUMBER 13-12-00370-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DANIEL GARCIA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

Pursuant to an "open" plea, appellant, Daniel Garcia, pleaded guilty to sexual assault of a child, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.011 (a)(2)(A), (f) (West 2011), and the trial court sentenced him to eleven years' imprisonment. By a single issue, appellant argues that the trial court erred by failing to conduct a sua sponte informal inquiry into his competency. We affirm.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's decision to not hold a sua sponte informal inquiry into an appellant's competency is reviewed for an abuse of discretion. *Montoya v. State,* 291 S.W.3d 420, 426 (Tex. Crim. App. 2009); *Hobbs v. State*, 359 S.W.3d 919, 923–24 (Tex. App.—Houston [14th Dist.] 2012, no pet); *see Davila v. State*, Nos. 13-08-651-CR & 13-08-694-CR, 2010 Tex. App. LEXIS 658, at *11 (Tex. App.—Corpus Christi Jan. 28, 2010, no pet.) (mem. op., not designated for publication). "Under this standard, a reviewing court does not substitute its judgment for that of the trial court." *Hobbs*, 359 S.W.3d at 924 (citing *Montoya*, 291 S.W.3d at 426). "Rather, a reviewing court considers whether the trial court's decision was arbitrary or unreasonable." *Id.*

"An inquiry into competency must be conducted when there is evidence 'sufficient to raise a bona fide doubt in the mind of the judge whether the defendant is legally competent.'" *Gonzales v. State*, 313 S.W.3d 840, 841 (Tex. Crim. App. 2010) (quoting *Montoya*, 291 S.W.3d at 424). "'A bona fide doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation.'" *Id.* at 841–42 (quoting *Montoya*, 291 S.W.3d at 425). The incompetency statute "specifies the defendant's *present* ability." *Montoya*, 291 S.W.3d at 425 (emphasis in original). Instances of depression are not an indication of incompetency. *Id.* "The considerations when evaluating competency to stand trial include the defendant's level of understanding of the proceeding and ability to consult with counsel in preparation for the proceeding." *Id.* at 425–26. "Thus, those who observed the behavior of the defendant at the hearing were in a better position to determine whether [he] was presently competent." *Id.* at 426.

## II. Discussion

In support of his argument, appellant points to: (1) his own testimony at the plea hearing, and (2) the psychological report filed by Paul M. Hamilton, Ph.D., regarding his assessment of appellant.[1]

At the plea hearing, appellant offered his explanation of the events surrounding the sexual assault.[2] Appellant told the court that he was actually "the victim" because he was sought out by the female victim's family and invited to spend the night in their home. According to appellant, the family told him that he "was the most handsomest [sic] Indian they'd ever seen."

Dr. Hamilton's report states that he interviewed appellant and administered a Personality Assessment Inventory (PAI) to him. The report notes that appellant "has a significant alcohol and drug problem." It also states, in relevant part,

> There are some indications on the PAI that there may be some cognitive disability, including disruptions in his thought processes, impulsivity, unusual sensory motor problems, suspiciousness, and unusual ideas or beliefs. It is unclear whether this represents the beginnings of dementia, possibly secondary to his history of alcohol dependence or to his cirrhosis. A specific, in-depth assessment of neurocognitive functioning would be necessary to determine the presence and degree of such a disability.

Having reviewed the record of the plea hearing, we do not believe that the evidence raised a bona fide doubt whether appellant was legally competent. Appellant answered the trial judge's questions without difficulty, and appellant's counsel stated that he believed appellant was competent and able to assist in his own defense. Although appellant's version of events may be described as implausible, it was coherent

---

[1] Dr. Hamilton's report was admitted at the plea hearing as Defense Exhibit #1.

[2] Generally, appellant admitted having sex with the fifteen-year-old victim, but claimed that she enticed him by wearing provocative clothing, telling him about her activities with her boyfriend, and saying that she wanted to cuddle with him.

and consistent and provided an explanation for appellant's conduct.  *See McDaniel v. State*, 98 S.W.3d 704, 712 (Tex. Crim. App. 2003) (finding no abuse of discretion in failure to hold formal competency inquiry where appellant's testimony on his own behalf was "articulate, logical, and reflected his understanding of the charges against him").  Appellant's testimony reflected his understanding of his culpability.  *See id.*  When the trial court reminded appellant that the victim was fifteen years old, appellant said, "That's what brings shame upon me the most.  . . . I am so sorry that this came about.  I am not this way."  He told the court, "I did wrong, but I don't think it constitutes this kind of punishment."

Dr. Hamilton's report does not indicate any recent severe mental illness, moderate retardation, or truly bizarre acts.  *See id.* at 710.  Dr. Hamilton's observations do not constitute evidence "sufficient to raise a bona fide doubt in the mind of the judge whether [appellant was] legally competent."  *See Gonzales*, 313 S.W.3d at 841.

Giving proper deference to the trial judge's determination based on his ability to see appellant's behavior, we hold that there was insufficient evidence to raise a bona fide doubt as to appellant's competency, and the trial court did not abuse its discretion by failing to sua sponte hold an informal inquiry.  We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2013.

4