

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,526-02

### EX PARTE ERNESTO GONZALES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. S06-3285-HC-2 IN THE 36TH DISTRICT COURT
### FROM SAN PATRICIO COUNTY

*Per curiam.* ALCALA, J. filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Gonzales v. State*, No. 13-07-251-CR (Tex. App.—Corpus Christi–Edinburg, Aug. 28, 2008), *aff'd,* 313 S.W. 3d 840 (Tex. Crim. App. 2010).

Applicant contends that his trial counsel rendered ineffective assistance by failing to advise him of a thirty-five year plea offer and advising him to reject the forty year plea offer because a jury would be receptive to probation and not sentence him to a term of over ten years' incarceration.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether there was a thirty-five year plea offer from the State and, if so, whether counsel informed Applicant of that offer. The trial court shall make findings of fact and conclusions of law as to whether counsel informed Applicant that the jury would be receptive to a probationary sentence or would not sentence him to over ten years' incarceration, which caused Applicant to reject the plea offer that he otherwise would have accepted. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 5, 2016
Do not publish